IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LOCATION SERVICES IP, LLC, | |
|       Plaintiff, | |
| v. | Civil Action No. 2:15-cv-00437 |
| HEB GROCERY COMPANY, LP and H. E. BUTT GROCERY COMPANY, | JURY TRIAL DEMANDED |
|       Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff Location Services IP, LLC ("LSI"), by and through its undersigned counsel, submits this Original Complaint against the above-named Defendants, as follows:

### NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendants' infringement of United States Patent Nos. 6,202,023 (the "'023 patent"), 8,935,220 (the "'220 patent") and 6,356,834 (the "'834 patent") (collectively, the "Patents-in-Suit").

### THE PARTIES

2. Plaintiff, Location Services IP, LLC, is a Texas company with its principal place of business at 1400 Preston Road, Suite 475, Plano, Texas 75201.

3. Upon information and belief, Defendant, HEB Grocery Company, LP, is a corporation established under the laws of the Delaware, with its principal place of business at 646 South Main, San Antonio, Texas 78204.

4. Upon information and belief, Defendant, H. E. Butt Grocery Company, is a corporation established under the laws of the Delaware, with its principal place of business at 646 South

Main, San Antonio, Texas 78204.

## JURISDICTION AND VENUE

5.   This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.   The Court has personal jurisdiction over Defendants, including because Defendants have minimum contacts within the State of Texas; Defendants have purposefully availed themselves of the privileges of conducting business in the State of Texas; Defendants regularly conduct business within the State of Texas; and Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in the State of Texas, including at least by virtue of Defendants' interactive website and/or app that comprise infringing methods, including those accused methods described herein, which are at least used in and/or accessible in the State of Texas.  Further, this Court has general jurisdiction over Defendants, including due to their continuous and systematic contacts with the State of Texas.

7.   More specifically, on information and belief, Defendants have an interactive website and/or app comprising infringing methods which are at least used in and/or accessible in the State of Texas. Further, on information and belief, Defendants are subject to the Court's jurisdiction, including because Defendants have committed patent infringement in the State of Texas.   Pursuant to 35 U.S.C. § 271, Defendants infringe the Patents-in-Suit by, without authority, their practicing and/or hosting the accused methods described herein in the State of Texas.  Further, Defendants solicit customers/users in the State of Texas.  On information and belief, Defendants have customers/users who are residents of the State of Texas and who purchase, acquire, and/or use Defendants' infringing products in the State of Texas.

8.   Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b), including because Defendants have purposefully availed themselves of the privileges of conducting business in this District; Defendants regularly conduct business within this District; and Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in this District, including at least by virtue of Defendants' interactive website and/or app that comprise infringing methods, including those accused methods herein, which are at least used in and/or accessible in this District.  Further, Defendants have continuous and systematic contacts with this District.

9.   More specifically, on information and belief, Defendants have an interactive website and/or app comprising infringing methods which are at least used in and/or accessible in the State of Texas. Further, on information and belief, Defendants are subject to the Court's jurisdiction, including because Defendants have committed patent infringement in this District. Pursuant to 35 U.S.C. § 271, Defendants infringe the Patents-in-Suit by, without authority, their practicing and/or hosting the accused methods described herein in this District.   Further, Defendants solicit customers/users in this District.  On information and belief, Defendants have customers/users who are residents of this District and who purchase, acquire, and/or use Defendants' infringing products in this District.

## INTRODUCTION

10. The Patents-in-Suit originated from Go2, a pioneer in location based services and mobile web technology.  Go2 was founded by Lee Hancock, a visionary and inventor who is a named inventor on each of the patents-in-suit.  Plaintiff is the current assignee of the Patents-in-Suit and has standing to bring this lawsuit, including the right to recover damages for past, present, and future infringement of the patents.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,202,023

11. Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-10 above.

12. The '023 Patent, entitled "Internet Based Geographic Location Referencing System and Method," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on March 13, 2001 after full and fair examination.   The '023 Patent is a continuation-in-part of Application No. 09/188,153 (issued as U.S. Patent No. 6,047,236), which is a continuation of Application No. 08/701,586 (issued as the '088 Patent).

13. The claims of the '023 Patent cover, *inter alia*, a method for automatically providing informational services based on a geographical location of a client computer system, wherein said informational services are provided by a server attached to a computer network, said method comprising the steps of: executing an application program on said client computer system for collecting user data and location information representative of the geographical location of the client computer system, said application program including a user interface module, a web browser module, a data packet module and an ALI polling module, said user interface module comprises the steps of: location prompting for accepting parameters for defining a particular location, wherein location prompting includes the step of prompting the user to specify whether said location information is based on a current or projected location; and user preference prompting for accepting one or more user preferences; constructing a data packet comprising said user data and location information; connecting to the server; transmitting said data packet to the server; parsing said data packet to extract said user data and location information; formulating a database query from said user data and location information; issuing a database query on a database coupled to the server; and downloading a result from said database query relating to the geographical location of the client computer system to said client.

14. On information and belief, Defendants have infringed and are now infringing, including literally, jointly, and/or equivalently, the '023 Patent in this judicial district, the State of Texas, and elsewhere in the United States, in violation of 35 U.S.C. § 271 through actions comprising the practicing, making, using, offering for sale, selling, hosting, and/or importing, without authority from Plaintiff, methods for executing an application program on said client computer system for collecting user data and location information representative of the geographical location of the client computer system, said application program including a user interface module, a web browser module, a data packet module and an ALI polling module, said user interface module comprises the steps of: location prompting for accepting parameters for defining a particular location, wherein location prompting includes the step of prompting the user to specify whether said location information is based on a current or projected location; and user preference prompting for accepting one or more user preferences; constructing a data packet comprising said user data and location information; connecting to the server; transmitting said data packet to the server; parsing said data packet to extract said user data and location information; formulating a database query from said user data and location information; issuing a database query on a database coupled to the server; and downloading a result from said database query relating to the geographical location of the client computer system to said client.   On information and belief, Defendants infringe the '023 Patent by and through at least its practicing and/or hosting methods comprising at least the HEB Website.

15. On information and belief, Defendants have had at least constructive notice of the '023 Patent pursuant to the Patent Act.   Plaintiff reserves the right to take discovery regarding Defendants' first actual notice of the '023 Patent.

16. To the extent that facts learned during the pendency of this case show that Defendants'

infringement is, or has been, willful, Plaintiff reserves the right to amend this Original Complaint accordingly, and to request such a finding at the time of trial.

17. Each of Defendants' aforesaid activities have been without authority and/or license from Plaintiff.  Such activities constitute Defendants' infringement of the '023 patent by Defendants' practicing and/or hosting, at least the methods described herein, that infringe the patented invention, and Defendants will continue to do so unless enjoined by the Court.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,935,220

18. Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-17 above.

19. The '220 Patent, entitled "Unified Geographic Database and Method of Creating, Maintaining, and Using the Same," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on January 13, 2015 after full and fair examination.  The '220 Patent is a continuation-in-part of abandoned Application No. 10/701,961, which is a continuation of abandoned Application No. 09/707,213, which is a continuation-in-part of Application No. 09/257,462 (issued as the '023 Patent), which is a continuation-in-part of Application No. 09/188,153 (issued as U.S. Patent No. 6,047,236), which is a continuation of Application No. 08/701,586 (issued as the '088 Patent).

20. The claims of the '220 Patent cover, *inter alia*, a method for providing informational services via a communications network, the method comprising:  receiving a search query via the communications network from a portable navigational apparatus, the search query comprising a proprietary search term identifying one or more locations of interest within a geographical area and locational information identifying a current location of the navigational apparatus at the time of sending the search query; accessing a unified geographic database ("UGD") to identify an entity within a district of the geographical area uniquely associated with the proprietary search

term; using the locational information included in the search query from the navigational apparatus to complete a search of the UGD for one or more locations associated with the entity satisfying the search query and limited in geographic scope by the locational information; and sending a search result via the communications network to the navigational apparatus, the search result comprising one or more locations associated with the one or more entities identified by the proprietary search term that have a relationship with the locational information.

21. On information and belief, Defendants have infringed and are now infringing, including literally, jointly, and/or equivalently, the '220 Patent in this judicial district, the State of Texas, and elsewhere in the United States, in violation of 35 U.S.C. § 271 through actions comprising the practicing, making, using, offering for sale, selling, hosting, and/or importing, without authority from Plaintiff, methods for providing informational services via a communications network, the method comprising:  receiving a search query via the communications network from a portable navigational apparatus, the search query comprising a proprietary search term identifying one or more locations of interest within a geographical area and locational information identifying a current location of the navigational apparatus at the time of sending the search query; accessing a unified geographic database ("UGD") to identify an entity within a district of the geographical area uniquely associated with the proprietary search term; using the locational information included in the search query from the navigational apparatus to complete a search of the UGD for one or more locations associated with the entity satisfying the search query and limited in geographic scope by the locational information; and sending a search result via the communications network to the navigational apparatus, the search result comprising one or more locations associated with the one or more entities identified by the proprietary search term that have a relationship with the locational information.  On information and belief,

Defendants infringe the '220 Patent by and through at least its practicing and/or hosting such infringing methods comprising at least the HEB Website.

22. On information and belief, Defendants have had at least constructive notice of the '220 Patent pursuant to the Patent Act.  Plaintiff reserves the right to take discovery regarding Defendants' first actual notice of the '220 Patent.

23. To the extent that facts learned during the pendency of this case show that Defendants' infringement is, or has been, willful, Plaintiff reserves the right to amend this Original Complaint accordingly, and to request such a finding at the time of trial.

24. Each of Defendants' aforesaid activities have been without authority and/or license from Plaintiff.  Such activities constitute Defendants' infringement of the '220 patent by Defendants' practicing and/or hosting, at least the methods described herein, that infringe the patented invention, and Defendants will continue to do so unless enjoined by the Court.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 6,356,834

25. Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-24 above.

26. The '834 Patent, entitled "Geographic Location Referencing System and Method," was duly and legally issued by the USPTO on March 12, 2002 after full and fair examination.  The '834 Patent is a continuation-in-part of Application No. 09/540,398 (issued as the '122 Patent), which is a continuation-in-part of Application No. 09/188,153 (issued as U.S. Patent No. 6,047,236), which is a continuation of Application No. 08/701,586 (issued as the '088 Patent).

27. The claims of the '834 Patent cover, *inter alia*, a method of disseminating location information from a central repository via the internet to assist users of locational systems in navigation, comprising:  providing a central repository with stored information for at least one geographic region, the stored information including positional information for geographic

locations associated with respective proprietary names, wherein the positional information includes geodetic latitude and longitude coordinates; and disseminating location information for a proprietary name from the central repository to a user via the internet to use in association with said locational system to assist in navigation.

28. On information and belief, Defendants have infringed and are now infringing, including literally, jointly, and/or equivalently, the '834 Patent in this judicial district, the State of Texas, and elsewhere in the United States, in violation of 35 U.S.C. § 271 through actions comprising the practicing, making, using, offering for sale, selling, hosting, and/or importing, without authority from Plaintiff, methods of disseminating location information from a central repository via the internet to assist users of locational systems in navigation, comprising:  providing a central repository with stored information for at least one geographic region, the stored information including positional information for geographic locations associated with respective proprietary names, wherein the positional information includes geodetic latitude and longitude coordinates; and disseminating location information for a proprietary name from the central repository to a user via the internet to use in association with said locational system to assist in navigation.  On information and belief, Defendants infringe the '834 Patent by and through at least its practicing and/or hosting such infringing methods comprising at least the HEB Website.

29. On information and belief, Defendants have had at least constructive notice of the '834 Patent pursuant to the Patent Act.  Plaintiff reserves the right to take discovery regarding Defendants' first actual notice of the '834 Patent.

30. To the extent that facts learned during the pendency of this case show that Defendants' infringement is, or has been, willful, Plaintiff reserves the right to amend this Original Complaint accordingly, and to request such a finding at the time of trial.

31. Each of Defendants' aforesaid activities have been without authority and/or license from Plaintiff.  Such activities constitute Defendants' infringement of the '834 patent by Defendants' practicing and/or hosting, at least the methods described herein, that infringe the patented invention, and Defendants will continue to do so unless enjoined by the Court.

## DAMAGES

32. Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-31 above.

33. By way of their infringing activities, Defendants have caused and continue to cause Plaintiff to suffer damages, and Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

34. Defendants' infringement of Plaintiff's exclusive rights under the Patents-in-Suit will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

35. To the extent that facts learned during the pendency of this case show that Defendants' infringement is, or has been, willful, Plaintiff contends this is an exceptional case entitling Plaintiff to recover its attorneys fees and costs pursuant to 35 U.S.C. § 285.

## JURY DEMAND

36. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

## PRAYER FOR RELIEF

37. Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the Patents-in-Suit has been directly infringed, either literally and/or under the doctrine of equivalents, by Defendants;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for Defendants' acts of infringement, together with pre-judgment and post-judgment interest;

C. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendants and all persons acting in concert therewith from further acts of infringement with respect to the claims of the Patents-in-Suit;

D. That this Court declare that Defendants' infringement has been, and continues to be, willful, including that Defendants acted to infringe the Patents-in-Suit despite an objectively high likelihood that their actions constituted infringement of a valid patent and, accordingly, award enhanced damages, including treble damages, pursuant to 35 U.S.C. § 284;

E. That this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

F. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, fees, and prejudgment and post-judgment interest for Defendants' infringement of the Patents-in-Suit as provided under 35 U.S.C. §§ 284 and/or 285; and

G. Any and all further relief for which Plaintiff may show itself justly entitled that this Court deems just and proper.

March 26, 2015                          Respectfully submitted,

                                        */s/ John J. Edmonds*
                                        John J. Edmonds – Lead Counsel
                                        Texas Bar No. 789758
                                        Stephen F. Schlather
                                        Texas Bar No. 24007993
                                        Shea N. Palavan
                                        Texas Bar No. 24083616
                                        **COLLINS, EDMONDS, POGORZELSKI,**
                                        **SCHLATHER & TOWER, PLLC**
                                        1616 S. Voss Road, Suite 125
                                        Houston, TX 77057
                                        Telephone: (281) 501-3425
                                        Facsimile: (832) 415-2535
                                        Email: jedmonds@cepiplaw.com
                                               sschlather@cepiplaw.com
                                               spalavan@cepiplaw.com

                                        ***Attorneys for Plaintiff,***
                                        ***Location Services IP, LLC***